[Civ. No. 987.   Second Appellate District.—December 14, 1911.]

M. TAKEKAWA, Respondent, *v.* W. J. HOLE, Appellant.

SPECIFIC PERFORMANCE—FORMER JUDGMENT UPON PLEADINGS NOT A BAR —NEW CAUSE OF ACTION—EXECUTED ORAL MODIFICATIONS.—A former judgment for the defendant upon the pleadings in an action for the specific performance of a contract, in which the complaint showed on its face that plaintiff was in default as to stipulated payments, and stated no cause of action, is no bar to a new cause of action based both upon the written contract and also upon executed oral modifications thereof and extensions of time, under which no default existed.

ID.—EVIDENCE OF EXECUTED ORAL MODIFICATIONS NOT COMPETENT UNDER ORIGINAL COMPLAINT.—Under the bare allegation in the original complaint that the plaintiff had performed all of the conditions on his part to be performed, while the complaint on its face stated no cause of action, and showed that plaintiff was in default in stipulated payments, no evidence was competent to show any executed oral modifications of the original contract not pleaded therein.

ID.—RULES AS TO EFFECT OF FORMER JUDGMENT.—Under section 1911 of the Code of Civil Procedure, "that only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged or which was actually and necessarily included therein or necessary thereto." It is settled law that, in a

judgment of any character, pleaded in bar, it must appear, not only that the parties are the same, but also that the subject matter is the same. If the subject matter is not the same, and the right to relief in the second action is based upon entirely different facts from those set out in the first action, the judgment in the first action cannot be effective as a bar, though the parties are the same.

ID.—FORMER JUDGMENT CONCLUSIVE AS TO SAME FACTS.—The former judgment rendered upon the pleadings was in effect a judgment upon the merits as to the same facts, as would also be a final judgment rendered upon demurrer to the complaint. But while a judgment rendered upon the sustaining of a demurrer to a complaint will be a bar to another action based upon the same allegations of fact, yet where the facts are different, and present different questions of law, no such bar can be asserted.

ID.—NATURE OF MODIFIED AGREEMENT—NEW AGREEMENT—DISTINCT BASIS OF NEW ACTION—FORMER JUDGMENT INADMISSIBLE.—The modified agreement was, in effect, a new agreement, imposing new obligations upon the parties; and they, in consideration of new promises then made, each to the other, agreed to do acts which they were not before bound to perform. This new agreement set up by plaintiff in the present action, which was executed as to him, and the obligations of which were performed, was the proper basis of a new action in which the judgment in the former action, based upon a different agreement, was inadmissible as evidence.

APPEAL from a judgment of the Superior Court of Orange County, and from an order denying a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

Anderson & Anderson, Watkins & Blodgett, E. W. Freeman, and Victor Montgomery, for Appellant.

John W. Kemp, J. S. Noyes, L. B. Stanton, N. Blackstock, and Chas. F. Blackstock, for Respondent.

ALLEN, P. J.—The action was one for specific performance. The judgment and decree sought to be reversed in this proceeding is based upon a certain written agreement for the purchase and sale of described real property, together with certain executed oral modifications thereof agreed to between the parties. These oral modifications provided for the extension of certain deferred payments specified in the

written agreement, a sufficient consideration therefor being shown. The trial court found that these oral modifications and the obligations thereby imposed upon plaintiff had been fully performed, and found all other facts necessary to entitle plaintiff to the relief demanded. A decree was accordingly entered in plaintiff's favor, from which judgment, and from an order denying a new trial, defendant appeals.

Defendant in his answer pleaded in bar a former judgment rendered in defendant's favor by a court of competent jurisdiction in an action wherein specific performance was sought by plaintiff against defendant on account of and based upon the terms of the original written agreement without modifications. Upon the trial defendant tendered in evidence the judgment-roll and record of such former adjudication. The court sustained an objection to the introduction of this record and defendant assigns as error such action of the court, and the same is practically the only question presented upon this appeal.

Appellant contends that the complaint in the original action was sufficient and under which all competent evidence in the second action was admissible. We think there is no merit in this contention. By the terms of the original written agreement set out in the first action, it affirmatively appeared by the complaint that plaintiff was in default as to deferred payments stipulated in the agreement. This affirmatively appearing, the bare allegation that he had performed all of the obligations imposed upon him by the agreement may be disregarded, the contrary being made to appear by other allegations of the complaint. The complaint did not state a cause of action warranting the equitable relief sought, and no evidence in that action could have been received under the allegations of the complaint with reference to the modifications and extensions of time. The rule as to what may be deemed adjudged in a former judgment is declared by section 1911 of the Code of Civil Procedure: "That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto." It is settled law that when a judgment of any character is effectually pleaded in bar, it must appear that the parties are the same and the subject matter the same. Considering the allega-

tions of the complaint in the two actions, while the parties are the same, the subject matter, to wit, the right of the plaintiff to a specific performance under a particular contract, is not the same. The right to the relief in the second action was based upon entirely different facts from those set out in the first action. It may be conceded that the judgment in the first action, which was one ordered upon the pleadings, was in effect a judgment upon the merits as distinguished from a judgment of nonsuit. (*Bailey* v. *Aetna Indemnity Co.*, 5 Cal. App. 746, [91 Pac. 416].) There is under our practice no distinction to be drawn, as affecting the character of judgment, between a judgment rendered upon the pleadings and a judgment rendered upon demurrer. Our supreme court in *Flood* v. *Templeton*, 152 Cal. 158, [92 Pac. 83, 13 L. R. A., N. S., 579], has said: "While a judgment rendered upon the sustaining of a demurrer to a former complaint will be a bar to another action based upon the same allegations of fact, yet where the facts are different and present different questions of law, as they do here, no such bar can be asserted." It cannot be said that, upon the face of the record in the former case, the rights of the parties as to the modified agreement could have been or were adjudged. (*City of Los Angeles* v. *Mellus*, 59 Cal. 444; *Newhall* v. *Hatch*, 134 Cal. 269, [66 Pac. 266, 55 L. R. A. 673].) This modified agreement was, in effect, a new agreement. It imposed new obligations upon the parties and each, in consideration of new promises then made to the other, agreed to do acts which, according to his own contention, he was not then bound to perform. The agreements upon the part of plaintiff were each and all executed, as found by the court, and the obligations imposed upon him fully performed. This action was therefore based upon an entirely different statement of facts, and the first judgment was not a bar to this action. We see no error of the court in sustaining the objection to the introduction of the record in the original action.

No other questions are presented requiring consideration. The judgment and order are affirmed.

James, J., and Shaw, J., concurred.