[L. A. No. 17105. In Bank.—Sept. 4, 1941.]

ZILLA GRACE SEE, Appellant, v. LIZZIE JOUGHIN, as Executrix, etc., et al., Respondents.

David G. Kling and Daniel A. Knapp for Appellant.

Eckman & Lindstrom, Ralph G. Lindstrom, Arthur W. Eckman, Robert L. Moore and Bonpane & Prince for Respondents.

CURTIS, J.—By this action in equity plaintiff sought to have a trust declared upon certain real property for her

benefit. Claim to relief was based upon allegations of extrinsic fraud on the part of defendants in procuring a decree of foreclosure upon this land. The question to be determined is whether the plaintiff is barred from maintaining this action by virtue of a former adjudication in litigation between the same parties over the same subject matter.

On February 19, 1934, the plaintiff filed her original action in the Superior Court of Los Angeles County. Hearing was had on the second amended complaint, which averred three causes of action. The first count attempted to allege facts constituting extrinsic fraud as grounds for setting aside a judgment which was rendered in a former action foreclosing a mortgage, the second count was for labor performed and expenses incurred in making certain improvements on the mortgaged property in anticipation of a renewal of the second mortgage held by the plaintiff, and the third count asked the court to declare the judgment of foreclosure to be a mere mortgage to secure the plaintiff's lien. General and special demurrers to the second amended complaint were sustained without leave to amend and a judgment of dismissal was entered against the plaintiff and in favor of the defendants. An appeal was taken by the plaintiff, and the judgment was affirmed by the District Court of Appeal upon the ground that the pleading failed ''to state a cause of action either to set aside the judgment of foreclosure for extrinsic fraud, to declare a trust in the foreclosure fund or for services performed and expenditures incurred in behalf of the estate.'' (*See* v. *Joughin,* 18 Cal. App. (2d) 414, 417 [64 Pac. (2d) 149].)

Thereafter plaintiff on February 6, 1937, commenced against the same parties the present suit, the sole purpose of which was to have the decree of foreclosure and the sale thereunder declared to be for the benefit of the plaintiff, and to have a trust declared upon the same property which was involved in the first action. To the amended complaint the defendants interposed their separate answers and special pleas of *res judicata.* No evidence was taken at the trial in September, 1938, because the court sustained at the outset the defendants' motion to dismiss on the ground that plaintiff was undertaking to assert the same cause of action as to which issue had been made in the previous proceeding.

From the judgment of dismissal entered in favor of all defendants on the sole ground of *res judicata,* the plaintiff brings this appeal.

It is well settled that a judgment upon the facts presented in a complaint and confessed by demurrer is as effectual a bar as would be a verdict and judgment finding the same facts. (2 Freeman on Judgments, 5th ed., sec. 746, p. 1571; 34 C. J. 797, sec. 1219.) It is, however, "equally well settled, that, if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same right; for the reason that the merits of the cause, as disclosed in the second declaration, were not heard and decided in the first action." (*Gould* v. *Evansville & C. R. Co.,* 91 U. S. 526, 534 [23 L. Ed. 416].) These principles have had frequent application in our decisions; and any difficulty in the subject arises, not over the meaning or soundness of the rules, but rather as to their application in particular instances. A clear and accurate statement of the distinctions to be drawn is found in the recent case of *Goddard* v. *Security Title Insurance & Guarantee Co.,* 14 Cal. (2d) 47, 52 [92 Pac. (2d) 804]: " . . . A judgment given after the sustaining of a general demurrer on a ground of substance, for example, that an absolute defense is disclosed by the allegations of the complaint, may be deemed a judgment on the merits, and conclusive in a subsequent suit; and the same is true where the demurrer sets up the failure of the facts alleged to establish a cause of action, and the same facts are pleaded in the second action. (2 Freeman on Judgments, 5th ed., sec. 746, p. 1571; *Erganian* v. *Brightman,* 13 Cal. App. (2d) 696 [57 Pac. (2d) 971]; von Moschzisker, Res Judicata, 38 Yale L. J. 299, 318, and cases cited.) But even a judgment on general demurrer may not be on the merits, for the defects set up may be technical or formal, and the plaintiff may in such case by a different pleading eliminate them or correct the omissions and allege facts constituting a good cause of action, in proper form. Where such a new and sufficient complaint is filed, the prior judgment on demurrer will not be a bar. (*Newhall* v. *Hatch,* 134 Cal. 269 [66 Pac. 266, 55 L. R. A. 673]; *Terry* v. *Ham-*

*monds,* 47 Cal. 32; *Dyment* v. *Board of Medical Examiners,* 93 Cal. App. 65 [268 Pac. 1073]; 2 Freeman on Judgments, 5th ed., secs. 747, 748; von Moschzisker, Res Judicata, 38 Yale L. J. 299, 318.) . . . "

In the light of these principles there remains to be considered whether the judgment rendered upon the demurrer in the former action is a bar to the present one. Comparing the plaintiff's respective pleadings, under the test as to whether the general demurrer to the second amended complaint in the first suit involved a ruling upon the merits of the plaintiff's cause of action as stated in the amended complaint in the last one, we can reach but one conclusion— that the plaintiff stated substantially the same case in both instances. The gist, the gravamen of her case, as framed in her successive actions, was extrinsic fraud on the part of the defendants which, she alleged, resulted in the judgment of foreclosure of a mortgage adverse to her interests. The relief sought in both cases was fundamentally the same— a declaration of trust, in the former suit by the setting aside of a decree of foreclosure in order to engraft a trust on the foreclosure funds, and in the present one by having the decree of the same foreclosure declared to be for the benefit of plaintiff in order to engraft a trust upon the same property. The reasons relied upon in each instance were substantially the same. Different forms of expression, it may be conceded, were used in several instances in the amended complaint in the last suit, from those employed in the second amended complaint in the former proceeding, but these changes amounted to no more than a rephrasing and rearrangement of language in presenting the identical case previously adjudicated, and such additional averments did not add anything of vitality to plaintiff's pleading of her case as predicated upon allegations of extrinsic fraud.

A well-considered case similar in principle to the instant one is *Erganian* v. *Brightman,* 13 Cal. App. (2d) 696 [57 Pac. (2d) 971], wherein plaintiff successively brought two actions against the defendant for wrongful use of process. In her answer to the complaint in the second suit, defendant alleged the final judgment of dismissal entered in the first action upon the sustaining of the general demurrer to the plaintiff's complaint, and that the only difference between the successive complaints was the pleading of certain addi-

tional evidentiary facts or conclusions relative to the same cause of action stated in the former suit. In concluding that the judgment of dismissal was a bar to the second action, the court, at page 701 of its opinion, made the following observation equally pertinent to the instant discussion:

" . . . In the case of *Hardy* v. *Hardy,* 97 Cal. 125 [31 Pac. 906], the court says at page 131:

" 'The same evidence which the plaintiff would have introduced to establish the allegations of her complaint in the former action was essential to establish those of the present complaint.'

"The identic nature of the evidence which must be used is frequently employed as a test to determine the identicity of causes of action. It is apparent to us, from a scrutiny of the allegations of the first action and those of the present action, that the evidence used to establish either must be the same. . . . "

Parallel circumstances are present here where the plaintiff by her amendments introduced in the trust-declaration cause of action in her second suit did not strengthen her case, but only succeeded in amplifying the purported grounds of relief without varying the substantial character of the evidence necessary to sustain her claim.

Calculated to fortify her argument that the additional averments in the amended complaint in the present suit are curative of the imperfections and deficiencies contained in her pleading in the first action, so that the former judgment would not operate as a bar here, plaintiff brings to our attention these authorities: *Newhall* v. *Hatch,* 134 Cal. 269 [66 Pac. 266, 55 L. R. A. 673], and *Terry* v. *Hammonds,* 47 Cal. 32. But the instant situation is easily differentiated from those cases, in each of which the complaint in the second suit supplied a material averment lacking in the corresponding pleading in the first suit, wherein the judgment of dismissal was rendered upon sustaining a general demurrer. This controlling feature is illustrated by the following language from *Terry* v. *Hammonds, supra,* at p. 36: "In the former action brought by the plaintiffs there was no averment in the complaint to the effect that the services were rendered in the preservation of the separate estate of the wife, and on the faith of that estate; nor even that the wife had a separate estate. But these material averments are

supplied in the present case, and the two causes of action are therefore different.'' Equally significant is the reasoning of the court in *Newhall* v. *Hatch, supra,* at p. 272, with respect to the effect of the prior adjudication ·that the cause of action was barred by the statute of limitations: '' . . . In that (former) action the plaintiff sought to recover upon an obligation alleged to have been made in November, 1892, whereas in the present action his right of recovery is also based upon the additional promise of Hatch, made in September, 1895,—an issue which was not presented in the former action, and which could not have been determined therein.'' However, the salutary principle of these decisions in the distinctive circumstances outlined is of no avail to the plaintiff here, for our careful examination of her pleadings in the two actions convinces us that their substance and legal effect are the same in all material respects. Accordingly, it is our opinion that the plaintiff's case as presented here was adjudicated upon its merits in the former litigation, and the second suit is barred.

 The only other point which requires notice concerns the trial court's entry of an order *nunc pro tunc* as of the day of the settlement of the bill of exceptions, to include in that bill the judgment roll in the former action. Thereafter, in response to the defendants' motion, supported by affidavit of the trial judge, this court ordered diminution of the record so that the *nunc pro tunc* order and judgment roll could be incorporated therein ''all without prejudice, however, to the consideration on this appeal of the validity and effect of said *nunc pro tunc* order.'' (*See* v. *Joughin,* 15 Cal. (2d) 178, 180 [99 Pac. (2d) 264].) An appellate court may, at any time pending determination of the appeal, have a record amended so as to speak the truth (sec. 953, Code Civ. Proc.), thus insuring disposition of causes upon their substantial merits rather than upon technical objections. An examination of the engrossed bill of exceptions as contained in the transcript on appeal in the present suit, together with the aforementioned sworn statement of the judge on the subject, reveals that the defendants' counsel offered in evidence the judgment roll in the former proceeding and that its inspection caused the trial court to dismiss the instant action. Under these circumstances it would have been proper for this

610

court to have ordered the record on this appeal corrected so as to include the judgment roll in the former action, and thus "enable this court to review the decision of the lower court in view of all the facts which that court had before it when it made such decision". (*McMahon* v. *Hamilton*, 202 Cal. 319, 325 [260 Pac. 793]; *In re Lamb*, 95 Cal. 397, 408 [30 Pac. 568].) In any event defendants were entitled to this relief; therefore, the particular method followed to obtain the desired result here loses importance.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Traynor, J., concurred.