[Civ. No. 14214. Second Dist., Div. Two. Jan. 25, 1944.]

KENYON TUDOR FAY et al., Appellants, v. THE CRAGS LAND COMPANY (a Corporation) et al., Respondents.

Lorrin Andrews for Appellants.

Murphey & Davis, Walter E. Bennett, Meserve, Mumper & Hughes, E. A. Meserve and Kenneth E. Grant for Respondents.

WOOD (W. J.), J.—Two actions were commenced by the plaintiffs against the defendants. At the trial of the first action defendants objected to the introduction of any evidence on the ground that the complaint did not state facts sufficient to constitute a cause of action. The court sustained the objection and entered judgment in favor of defendants. This judgment was entered on December 4, 1940. Plaintiffs appealed but thereafter dismissed the appeal and commenced the present action on August 25, 1941. At the commencement of the trial of the present action defendants asked the court to first pass upon the special defenses presented, the plea of res judicata, the alleged bar of the statute of limitations, and the claim that, the action being derivative, plaintiffs did not take the steps necessary to enable them to maintain the action. The court granted the request of defendants and in support of the plea of res judicata the judgment roll in the previous action was introduced in evidence. After discussion by counsel the court announced that judgment would be rendered for defendants upon grounds then stated. Thereafter a judgment in writing was signed by the court and filed in which it is set forth: ''After due consideration, the court announced from the bench that he would find, First, that the plaintiffs, as stockholders of the Crags Land Company, had no right to bring, prosecute or maintain this action; Second, that the judgment in the previous action between same parties and numbered 446858, was an adjudication of all the material facts set forth in plaintiffs' complaint in this action, and on which the plaintiffs must recover if at all, and that therefore, the said judgment was and is a complete bar to the further prosecution or maintenance of this action; Third, that the action is barred by the provisions of subdivision 4 of section 338 and the provisions of section 359, both of the Code of Civil Procedure of the State of California; and, Fourth, that the complaint does not state facts sufficient to constitute a cause of action: And that judgment will be against the plaintiffs and in favor of the defendants. Thereupon findings were waived by all parties, plaintiff and defendants.'' We have concluded that the ruling of the court on the issue of res judicata is correct. Therefore it will be unnecessary to discuss the other grounds mentioned by the trial court.

According to the allegations of the complaint plaintiffs are the owners of one share of the capital stock of defendant Crags Land Company, a corporation, which they obtained by

a decree of distribution in a probate proceeding. Of the original sixty shares of stock in the corporation only twenty-nine remain outstanding. It is alleged that the land company, which was incorporated in 1910, is the owner of 2,300 acres of land of the value of more than $200,000 and that for the purpose of enhancing the value and attractiveness of this acreage the land company built a community club house and permitted defendant Crags Country Club to use about 40 acres of this land; that the stockholders of the club corporation failed and neglected to support the club and that the directors of the land company assessed the stockholders of the land company for the use and benefit of the club corporation; that the individual defendants as directors of the land company have failed to operate the company for the benefit of the land company in compliance with its corporate purposes; that they have assessed the stockholders of the land company in a sum greater than $100,000, the assessments being $400 per year per share, for the benefit of the club corporation and have loaned to the club corporation the sum of $25,000 although they knew that the club corporation did not have assets and revenue with which to repay the loan; that the land company was caused to execute purported leases of land to three directors of the land company for the term of ninety-nine years at the stipulated rental of $1.00 per year; that the land company was organized to deal for profit in real estate but that for many years the affairs of the corporation have been allowed to remain dormant; that the affairs of the land company through a conspiracy on the part of the individual defendants have been conducted for the benefit of the club corporation and for the benefit of the individual defendants and contrary to the interest of the land company; that the assessments were not legally made; that in 1937 the individual defendants fraudulently reported to divers stockholders that it was necessary to the proper conduct of the business of the land company to amend its articles so that assessments could be legally made but that the consent to the amendment of the by-laws was not signed by two-thirds of the stockholders then actually entitled to vote; that at all times since 1929 the individual defendants in pursuance of their conspiracy controlled the land company and caused and permitted its officers to fail to keep proper records or to make any reports or accountings; that plaintiffs

did not have access to the records of the company and did not learn until June or July of 1939 of the conditions set forth in the complaint.

Plaintiffs assert that the action is a "derivative suit on behalf of the corporation which is unable to take independent action because the corporation is alleged to be dominated by the individual defendants." They seek an accounting against the individual defendants for operating the land company for the benefit of the country club and for the benefit of the individual defendants. They also seek an injunction against further assessments of stock and ask that a receiver be appointed for the property of the corporation.

The judgment in the first action was entered after an objection to the introduction of any evidence on behalf of plaintiffs was sustained. The defense of res judicata raised upon the filing of the second action presents to the court the same issue that would be presented if a general demurrer had been sustained in the first action and is to be governed by the same legal principles. If in a first action a demurrer is sustained because of the omissions of essential allegations and these allegations are supplied in a second action the judgment in the first action is not a bar to the second. Likewise, defects which are merely technical or formal may be supplied in the second action without encountering the defense of res judicata. But if the essential allegations are substantially the same in both actions the judgment in the first action effectively bars the prosecution of the second action. (*See* v. *Joughin,* 18 Cal.2d 603, 606 [116 P.2d 777].) And this is true whether the judgment in the first action was correct or erroneous.

An examination of the complaints filed by plaintiffs in the two actions discloses that there is no substantial difference between the allegations in the first complaint and the allegations in the second complaint. Both of the complaints contain allegations concerning matters leading to the specific charges of fraud and misfeasance respecting: the incorporation of the Crags Land Company; the purposes of its incorporation; the incorporation of Crags Country Club; the purchase of the real property by the land company; the improvement of a part of the real property with a club house, swimming pool, tennis court, etc.; the lease of the improved part to the country club for a long term of years; the failure of the land company to pay dividends or earn a profit; the in-

solvency of the country club; the charge that its sole source of income is from membership dues; the futility of a demand upon the board of directors to take action to correct the alleged abuses; the ownership by plaintiffs of a share of stock in the land company; the failure of plaintiffs to discover the facts until an investigation of the public and company records was made in 1939; and charges to the effect that each defendant participated in the acts of fraud and misfeasance of which complaint is made. In each complaint it is specifically alleged that defendants expended funds of the land company for the benefit of the country club; that they failed to collect rentals from the country club; improperly levied assessments on stock of the land company and expended the proceeds on the country club; leased acreage to three individual defendants at a nominal and insufficient rental; improperly permitted the land company to become indebted in the sum of $25,000 and depreciated the value of plaintiffs' stock by fraudulent acts. Plaintiffs seek the same relief in both actions.

In the complaint in the first action plaintiffs alleged on information and belief that the individual defendants "have been directors of said Company and have, during their term in office, acquiesced" in the various acts which are set forth as constituting a cause of action; that the "said defendants in their capacity as directors" have failed in the discharge of various duties specifically mentioned; that said "directors" failed to act in good faith and to the best interest of the stockholders. In the second action plaintiffs allege that the individual defendants about the year 1929 conspired to take over and maintain control of the land company and to administer its affairs in the interest and benefit of themselves and the country club without regard to the corporate purposes of the land company; that in pursuance of the conspiracy defendants dominated the board of directors of the land company by the election of a majority of the board, consisting of the individual defendants or others who had agreed to act only in the interest of the individual defendants and the country club; that the individual defendants, while uniting with other conspirators, took no steps to rectify the conditions mentioned in the complaint but on the contrary ratified and approved the acts of which complaint is made.

We are satisfied that there is no substantial difference between the allegations of the two complaints. The gravamen of both complaints is fraud on the part of defendants. Conspiracy is directly charged in both complaints, and the same acts are specifically set forth as constituting the fraud, and in both complaints the same relief is sought. The allegation in the second complaint that the individual defendants, in addition to their acts as members of the board of directors conspired to and did dominate and control the board of directors and ratified the alleged unlawful acts of the board, does not substantially alter the charges made in the first complaint. If the first complaint failed to state a cause of action the additions inserted in the second complaint did not give vitality to plaintiffs' charges. The court did not err in sustaining the defense of res judicata.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.