[Civ. No. 14540.  Second Dist., Div. One.  Mar. 19, 1945.]

MAURICE ROSE, Respondent, v. E. NEAL AMES et al., Defendants; WAUNETTA G. SILVERSTEIN, Appellant.

E. Neal Ames for Appellant.

Benjamin & Kronick, A. J. Weiss and Robert I. Kronick for Respondent.

YORK, P. J.—The record herein discloses that plaintiff is engaged in the business of tracing assets of judgment debtors and assisting attorneys in the collection of judgments.  Also, that defendant Silverstein on July 29, 1937, recovered in the Superior Court of Los Angeles County a judgment for

$18,983.66 and costs against John A. Woodward, Jr., which judgment was based on a prior judgment against said Woodward recovered on November 17, 1931, by defendant Silverstein. The defendant Ames was attorney for defendant Silverstein in both of these actions. Nothing had been realized on either judgment except that a partial satisfaction thereon was made in the sum of $1,431 on December 22, 1938.

On December 19, 1938, plaintiff Rose met the defendants at the office of defendant Ames, at which time the following agreement, in the form of a letter (Plaintiff's Exhibit 1) was executed by the defendants:

"December 19, 1938

Golden State Finance Company, Los Angeles, California,
    Attention:

Mr. H. L. Rose.    Dear Sir:    In accordance with our conversation, you have informed me of the fact that you are in a position to give me information whereby I may levy upon property belonging to John A. Woodward, Jr., under an execution issued in the judgment secured by Mrs. Waunetta G. Silverstein against Mr. Woodward in Superior Court Case No. 409108.

"It is understood the information which you are to give me is of sufficient definite nature that it will enable me on Mrs. Silverstein's behalf to levy upon the property designated by you, said information being sufficiently definite to both as to the nature of the property to be levied upon and its location.

"It is understood and agreed that there will be no expenses incurred or necessary in order to recover under an execution upon said property, other than the usual costs of levy and sale.

"It is further understood and agreed that for and in consideration of the giving of the information to E. Neal Ames on behalf of Mrs. Silverstein, you are to receive one-third (⅓) of all moneys recovered either by sale or compromise, after deducting all costs incurred by Mrs. Silverstein in connection with the levy upon the property from the information furnished by you.

"It is further understood and agreed that the property above referred to is not any interest which the said Woodward has under the terms of the trust created by his father's will

or any real estate involved therein, nor shall it cover any property upon which you have already levied an execution.

"It is further understood that Mr. Ames is authorized and hereby instructed to pay the same to you out of the proceeds of any recovery made as hereinbefore set out.

"Very sincerely yours
"(Signed) E. Neal Ames. E. Neal Ames
I hereby approve the same. (Signed) Mrs. Waunetta G. Silverstein."

Thereafter, in accordance with said agreement, plaintiff informed defendants that John A. Woodward, Jr., had an interest in the St. Anthony Oil Corporation and in shares of stock thereof. On December 23, 1938, under the execution in the Silverstein action, defendant Ames levied upon the interest of said Woodward in the said oil company, and the sheriff's return therein indicated that the 2,500 shares of stock of the oil company levied upon were held in escrow upon orders of the California Corporation Commissioner; that said shares had been pledged to secure a debt of $38,252; that a levy of execution for $1,693.10 had been made on November 25, 1938, in a municipal court action; and that the stock was subject to a blanket pledge agreement dated November 17, 1938, to secure the above pledge. After the levy under the Silverstein judgment was made, a third party claim was filed by Martha Woodward, wife of the judgment debtor, in which it was stated that the stock levied upon had a value of $40,000 and that she had a lien thereon for $38,000, by reason of the above mentioned pledge agreement entered into between her and her husband in November of 1938.

After considerable discussion and negotiation, a settlement and compromise agreement was entered into on July 8, 1940, between Mrs. Woodward and defendant Silverstein for the sale of the latter's judgment to Mrs. Woodward for $8,900.

The trial court found: "VI. That it is true that on or about the 19th day of December, 1938, . . . plaintiff entered into an agreement with the defendants, by which it was agreed that if the plaintiff could furnish information to the defendants whereby a levy upon property belonging to the said John A. Woodward could be made under an execution issued on the judgment heretofore mentioned, the defendant, Waunetta G. Silverstein would pay to plaintiff, one-third of all

moneys recovered either by sale or compromise, after deducting all costs incurred by said defendant in connection with the levy upon the property from the information furnished by the plaintiff, and that a true and correct copy of said agreement is attached to said amended complaint. It is further true that the defendant E. Neal Ames entered into and executed said agreement only as the agent of and attorney for the defendant, Waunetta G. Silverstein, and that no commitments or promises therein were made by him as a principal.''

The trial court also found: ''VII. That it is true that within three months prior to the filing of the complaint in this action, the plaintiff learned for the first time that the defendant, Waunetta G. Silverstein did settle and compromise the judgment mentioned herein, for the sum of $8,900.00 and that she has received on account of said settlement and compromise of said judgment, the sum of $7,800.00 to date, from and as the proximate result of the information supplied by the plaintiff to the defendants.

''VIII. That it is true that immediately upon learning the aforesaid facts and prior to the institution of this action, demand was made by plaintiff upon defendants for an accounting of the sums so received by the defendant, Waunetta G. Silverstein but the said defendant last named did unlawfully and wrongfully fail and neglect to account to the plaintiff herein by reason of which, the plaintiff has at this date been damaged in the sum of $2,600.00; that no part of said sum has been paid to the plaintiff, and there is now due, owing and wholly unpaid to plaintiff from the defendant, Waunetta G. Silverstein only, the sum of $2,600.00 with interest thereon at the rate of 7% per annum from the dates on which the payments comprising said $2,600.00 were received by the defendant, Waunetta G. Silverstein, in the sum of $294.86.''

From the judgment, which was thereafter entered pursuant to said findings of fact, defendant Silverstein prosecutes this appeal, urging (1) that the interpretation placed upon the terms of Plaintiff's Exhibit 1 by the appellate court in *Rose* v. *Ames,* 53 Cal.App.2d 583 [128 P.2d 65], is binding upon the parties and the trial court in the instant action; and (2) the findings of fact are in conflict with and not supported by the evidence.

The complaint, as to which a general demurrer was sustained in *Rose* v. *Ames,* 53 Cal.App.2d 583 [128 P.2d 65],

apparently contained four causes of action: (1) common count; (2) breach of contract; (3) specific performance, and (4) conspiracy, and while division 2 of this court in affirming the trial court's judgment sustaining the demurrer made some statements interpreting the terms of the letter of December 19, 1938 (Plaintiff's Exhibit 1 herein), such statements had reference to the insufficiency of the allegations of the complaint therein to state a cause of action on the various counts, and the trial court in the instant action was not bound by them. The complaint herein is a new and different pleading, defendants' demurrers thereto were overruled, and the judgment from which the appeal herein is taken was rendered after a trial on the merits. Therefore, the defense of res judicata has no application to the facts disclosed by the record herein.

■ In connection with her claim that the findings are in conflict with and not supported by the evidence, appellant submits "that there is not one word of evidence to support the finding that there ever was,

"(a) A sale under execution.

"(b) That there was ever any compromise of any alleged sale under execution entered into between defendant Silverstein and John A. Woodward.

"(c) That there was ever any compromise of the judgment entered into between the defendant Silverstein and John A. Woodward, and that the findings set out in paragraphs VI and VII insofar as they refer to an alleged compromise or settlement of the judgment or the execution sale are not supported by any facts and are in direct opposition to all of the evidence upon those issues introduced by the plaintiff and the defendants."

The so-called agreement (Plaintiff's Exhibit 1) expressly provided that respondent was to receive "one-third ($\frac{1}{3}$) of all moneys recovered either by sale or compromise, after deducting all costs incurred by Mrs. Silverstein in connection with the levy upon the property from the information furnished by you."

It is undisputed that after the levy was made on the stock of Mr. Woodward in the St. Anthony Oil Company, negotiations were commenced for the settlement or compromise of the judgment which finally resulted in the sale of the judgment to Mrs. Woodward. It is also undisputed that the com-

promise was made solely because of the levy made upon the stock by appellant and that the lien of the levy was continued on the stock despite the purported agreement to sell the judgment to Mrs. Woodward.

The contract does not state that the compromise must be made with any particular person, and it is obvious that the purported sale of the judgment to the wife of the judgment debtor was in reality a compromise and settlement of the judgment outstanding against her husband. The sum of $7,800 on the agreed settlement of $8,900 was accepted by appellant in payment of her claim against the judgment debtor.

A careful examination of the evidence adduced at the trial herein discloses that it is amply sufficient to support the findings and judgment.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.