[L. A. No. 22418. In Bank. Oct. 31, 1952.]

ROBERT J. KEIDATZ et al., Appellants, v. LOUIS J. ALBANY et al., Respondents.

D. Wendell Reid for Appellants.

William T. Selby for Respondents.

TRAYNOR, J.—In this action to recover damages for fraud, plaintiffs alleged that they were induced to buy a newly-constructed home from defendants by certain false and fraudulent representations respecting the character of the construction of the house and its location on the described real property. They further alleged that the representations were known by defendants to be false and were made to induce plaintiffs to purchase the property and that the contract price of $6,500 exceeded the value of the property by $3,000. In their answer defendants denied the allegations of fraud and pleaded affirmatively that plaintiffs' action was barred by two former adjudications between the parties. Defendants then made a motion for summary judgment supported by affidavits setting out the following undisputed facts: in 1949, plaintiffs brought an action to rescind the contract for fraud and failure of consideration. A demurrer to the second amended complaint was sustained with leave to amend. Plaintiffs failed to amend within the time allowed, and judgment was entered for defendants for costs. Thereafter plaintiffs unsuccessfully sought relief from the judgment under section 473 of the Code of Civil Procedure. No appeal was taken, however, from the judgment or from the order denying relief under section 473. Approximately four months after the judgment in the rescission action was entered, plaintiffs brought this action for

damages for fraud. The trial court granted defendants' motion for summary judgment and plaintiffs have appealed.

Plaintiffs contend that their unsuccessful attempt to secure rescission of the contract does not bar their present action for damages for fraud. Defendants, on the other hand, contend that the former judgment is res judicata of all issues presented here.* Since the former judgment was entered after a general demurrer had been sustained with leave to amend, it is necessary to determine the scope of the doctrine of res judicata in such circumstances. ▊ The procedural effect of such a judgment appears to be *sui generis*. It is a judgment on the merits to the extent that it adjudicates that the facts alleged do not constitute a cause of action, and will, accordingly, be a bar to a subsequent action alleging the same facts. (*See* v. *Joughin,* 18 Cal.2d 603, 606-609 [116 P.2d 777] ; *Goddard* v. *Security Title Ins. & Guar. Co.,* 14 Cal.2d 47, 52 [92 P.2d 804] ; *Fay* v. *Crags Land Co.,* 62 Cal.App.2d 445, 448 [145 P.2d 46].) ▊ Moreover, even though different facts may be alleged in the second action, if the demurrer was sustained in the first action on a ground equally applicable to the second, the former judgment will also be a bar. (*Robinson* v. *Howard,* 5 Cal. 428, 429; *Goddard* v. *Security Title Ins. & Guar. Co., supra.*) ▊ If, on the other hand, new or additional facts are alleged that cure the defects in the original pleading, it is settled that the former judgment is not a bar to the subsequent action whether or not plaintiff had an opportunity to amend his complaint. (*Goddard* v. *Security Title Ins. & Guar. Co., supra*; *Newhall* v. *Hatch,* 134 Cal. 269, 272 [66 P. 266, 55 L.R.A. 673] ; *Heilig* v. *Parlin,* 134 Cal. 99, 101-102 [66 P. 18] ; *Morrell* v. *Morgan,* 65 Cal. 575, 576-577 [4 P. 580] ; *City of Los Angeles* v. *Mellus,* 59 Cal. 444, 453 ; *Rose* v. *Ames,* 68 Cal.App.2d 444, 448 [156 P.2d 953] ; *Dyment* v. *Board of Medical Examiners,* 93 Cal.App. 65, 71 [268 P. 1073] ; *Takekawa* v. *Hole,* 17 Cal.App. 653, 656 [121 P. 296] ; see *See* v. *Joughin,* 18 Cal.2d 603, 606 [116 P.2d 7,77] ; *Campenella* v. *Campenella,* 204 Cal. 515, 521[269 P. 433] ; Erganian v. *Brightman,* 13 Cal.App.2d 696, 700 [57 P.2d 971] ; Re-

*After plaintiffs' unsuccessful attempt to rescind the contract, but before the present action was commenced, defendants purchased the property at a foreclosure sale under the deed of trust given to secure the purchase price, and recovered judgment by default for possession of the property. Defendants make no argument on this appeal, however, that the summary judgment may be sustained on the basis of these facts.

statement, Judgments, § 50, Comments c and e; 30 Cal.L.Rev. 487; Anno., 106 A.L.R. 437, 444.)

In plaintiffs' first action they sought rescission of the contract. In addition to alleging certain fraudulent representations whereby they were induced to enter into the contract, they alleged that they had offered to restore everything of value they had received, and sought the return of the payments they had made. It appeared from the complaint, however, that the alleged defects in construction became apparent to plaintiffs over a year before they sought to rescind, and defendants successfully demurred on the ground that the action was barred by laches and by failure to rescind promptly. (See Civ. Code, § 1691; *Williams* v. *Marshall*, 37 Cal.2d 445, 455-456 [235 P.2d 372].) Whether or not the complaint states a cause of action for rescission, the demurrer should have been overruled if a cause of action for damages was stated. (*Bancroft* v. *Woodward*, 183 Cal. 99, 102 [190 P. 445]; *MacIsaac* v. *Pozzo*, 26 Cal. 2d 809, 815 [161 P.2d 449].) Plaintiffs' complaint did not, however, allege that the property was worth less than the price they agreed to pay for it (Civ. Code, § 3343), and accordingly, it did not state a cause of action for damages for fraud. (*Davis* v. *Rite-Lite Sales Co.*, 8 Cal.2d 675, 679 [67 P.2d 1039]; *Gutterman* v. *Gally*, 131 Cal.App. 647, 651-652 [21 P.2d 1000].) In the present action, plaintiffs have added this allegation that was absent from their former complaint, and accordingly, under the rule hereinabove stated, the former judgment is not a bar to this action.

Defendants contend however, that *Wulfjen* v. *Dolton*, 24 Cal.2d 891 [151 P.2d 846], establishes the rule that a party claiming to have been defrauded must seek all the relief to which he may be entitled in one action, and that he may not, after having failed in an action to rescind a contract for fraud, thereafter bring a second action for damages. In the Wulfjen case, however, the judgment in the rescission action had not been entered on demurrer, but had followed a full trial on the merits, and the court applied the rule that such a judgment is res judicata not only as to issues actually raised, but as to issues that could have been raised in support of the action. (See *Sutphin* v. *Speik*, 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497].) As has been pointed out above, however, it has been the settled rule in this state that a judgment entered on demurrer does not have such broad res judicata effect. The rule respecting such judgments is illus-

trative of the line that has been drawn beyond which a plaintiff may not go if he hopes thereafter to start again. It is analogous to the rule that was applicable to nonsuits before section 581c was added to the Code of Civil Procedure in 1947. A judgment of nonsuit was not on the merits, and a plaintiff could start anew and recover judgment if he could prove sufficient facts in the second action. (*Herdan* v. *Hanson,* 182 Cal. 538, 542 [189 P. 440]; *Estate of Sharon,* 179 Cal. 447, 461 [177 P. 283]; *City & County of San Francisco* v. *Brown,* 153 Cal. 644, 648 [96 P. 281].) Section 581c now provides that a judgment of nonsuit operates as an adjudication upon the merits unless the court otherwise specifies. In view of the liberal rules relating to amendments to the pleadings, it has been forcefully advocated that the same policy reflected in section 581c should apply to judgments on demurrer, and that a plaintiff should be required to set forth all the facts relating to his dispute in one action. (See McFarland, J., dissenting in *Newhall* v. *Hatch,* 134 Cal. 269, 276 [66 P. 266, 55 L.R.A. 673]; Von Moschzisker, Res Judicata, 38 Yale L. J. 299, 319-320; Clark on Code Pleading [2d ed.] § 84, p. 531; 30 Cal.L.Rev. 487, 490-491.) On the other hand less prejudice is suffered by a defendant who has had only to attack the pleadings, than by one who has been forced to go to trial until a nonsuit is granted, and the hardship suffered by being forced to defend against a new action, instead of against an amended complaint, is not materially greater. (See *Commercial Centre R. Co.* v. *Superior Court,* 7 Cal.2d 121, 129-130 [59 P.2d 978, 107 A.L.R. 714].) We do not feel, however, that at this time we should reweigh the conflicting arguments over the wisdom of the rule we apply. Since it is a settled rule of procedure upon which parties are entitled to rely in conducting their litigation, any change therein should be made by the Legislature and not by this court.

Since the judgment must be reversed, it is unnecessary to decide whether it was proper in this case for defendants to proceed by motion for summary judgment under section 437c of the Code of Civil Procedure rather than under the provisions of section 597 of that code.

The judgment is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Spence, J., concurred.

Schauer, J., concurred in the judgment.