**Shmuel ERDE, Plaintiff–Appellant,**

v.

**Theodor Nickolas BODNAR; et al., Defendants–Appellees.**

No. 03–56267.

D.C. No. CV–03–00803–JFW.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 26, 2004.

Shmuel Erde, pro se, Beverly Hills, CA, for Plaintiff–Appellant.

Richard C. Leonard, Micahel R. Rogers, Leonard, Dicker & Schreiber, Beverly Hills, CA, Barry Z. Brodsky, Waxler Carner Weinreb LLP, El Segundo, CA, James H. French, Law Offices of French & Lyon, San Francisco, CA, for Defendants–Appellees.

Before FERNANDEZ, W. FLETCHER and TALLMAN, Circuit Judges.

## MEMORANDUM**

Shmuel Erde appeals pro se the district court's judgment dismissing his action alleging fraud and related claims arising out of a business dispute. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001), and for abuse of discretion the denial of a motion for a new trial and a motion to amend judgment, *De Saracho v. Custom Food Machinery, Inc.,* 206 F.3d 874, 880 (9th Cir.2000). We affirm.

The district court properly dismissed Erde's action because Erde attempts to relitigate the same claims he brought against the same parties in a prior action in which there was a final judgment. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (under res judicata, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action); *Keidatz v. Albany,* 39 Cal.2d 826, 828, 249 P.2d 264 (1952) (in California, a judgment on demurrer for technical or procedural errors is considered a judgment "on the merits" unless the new pleading corrects those errors).

The district court did not abuse its discretion by denying Erde's Rule 59 and Rule 60 motions because he failed to present any newly discovered evidence, *see* Fed.R.Civ.P. 59; *Zimmerman,* 255 F.3d at 740, and failed to demonstrate mistake, inadvertence, surprise, excusable neglect, or any other basis for relief from judgment, *see* Fed.R.Civ.P. 60; *De Saracho,* 206 F.3d at 880.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.