NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NUMA BARNES, | No.    16-17258 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-03227-RS |
| v. | |
| HOMEWARD RESIDENTIAL, INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted March 16, 2018**
San Francisco, California

Before:  WATFORD and FRIEDLAND, Circuit Judges, and RAKOFF,*** Senior
District Judge.

Plaintiff Numa Barnes appeals the district court's dismissal of her action

challenging the foreclosure of her home.  Because Plaintiff's prior state court

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

challenge to the same foreclosure proceeding was dismissed with prejudice, the district court concluded that California principles of *res judicata* barred Plaintiff's federal action.

California law imposes three requirements for a state court judgment to have preclusive effect: "(1) the second lawsuit must involve the same 'cause of action' as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit." *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009). All three requirements are satisfied here.

First, Plaintiff's federal lawsuit involves the same cause of action as her state lawsuit. Under California's "primary rights" theory, the "cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010). When two actions involve the same primary right, "the doctrine of res judicata will bar not only claims actually litigated in [the] prior proceeding, but also claims that could have been litigated." *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). The district court correctly concluded that Plaintiff's state and federal actions both involve the primary right to avoid a wrongful foreclosure. Because

2

the "critical focus of primary rights analysis 'is the harm suffered,'" *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (quoting *San Diego Police Officers' Ass'n*, 568 F.3d at 734), it is of no consequence that Plaintiff's state action articulated a different legal theory.

Second, there was a final judgment on the merits in the state action. The state court sustained defendant Homeward Residential, Inc.'s demurrer and dismissed Plaintiff's claims with prejudice after Plaintiff failed to amend. *See Keidatz v. Albany*, 249 P.2d 264, 265 (Cal. 1952) (explaining that when the court enters judgment following a plaintiff's failure to amend, it is a judgment on the merits that bars "a subsequent action alleging the same facts"). Plaintiff has no plausible argument that the state judgment was not a final judgment on the merits.

Finally, Plaintiff was a party to the prior state action. Plaintiff focuses on the identity of the defendants, but California law requires that only "the *party to be precluded*" have been a participant in the prior lawsuit. *San Diego Police Officers' Ass'n*, 568 F.3d at 734 (emphasis added). Plaintiff was clearly a party to the state action that she filed.

Accordingly, Plaintiff's federal action is foreclosed by *res judicata*, and we **AFFIRM**.