Filed 6/1/21  Vargas v. County of San Bernardino CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DOMINIC RAY VARGAS, | |
| Plaintiff and Appellant, | E074404 |
| v. | (Super.Ct.No. CIVDS1830385) |
| COUNTY OF SAN BERNARDINO, et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Bryan F. Foster, Judge.  Affirmed.

The Blue Law Group and Michael K. Blue, for Plaintiff and Appellant.

Michelle D. Blakemore, County Counsel and Kenneth C. Gregory II, Deputy County Counsel, for Defendants and Respondents.

Plaintiff and appellant Dominic Ray Vargas contends he was subjected to excessive force during an arrest by deputies of the San Bernardino County Sheriff's Department.  The trial court dismissed on demurrer Vargas's complaint seeking damages against defendants and respondents County of San Bernardino, San Bernardino Sheriff's

1

Department, and John McMahon (both individually and in his official capacity as San Bernardino County Sheriff), as well as sheriff's deputies named only as Doe defendants. The trial court found the complaint barred in its entirety by the claim preclusive effect of the judgment in an earlier federal lawsuit arising from the same incident, which had been dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim for relief. We affirm the judgment.

## I. FACTS

According to the operative Second Amended Complaint (state complaint), on May 28, 2017, Vargas was driving in San Bernardino when sheriff's deputies pulled him over. The deputies instructed him to exit the vehicle, which he did. Without any provocation ("[d]espite Plaintiff's respectful and compliant behavior") the deputies began threatening "to commit violent physical threatening acts" against Vargas "such as kicking, punching, and tasering him." Vargas "conveyed he was aware he had government (state and federal) protections to be free from being physically beaten" in such a manner. The deputies nevertheless proceeded "hitting and beating [Vargas] with kicks, punches, tasers, physical and violent tackling and elbowing, and violently subduing [him]." (Underlining and bolding omitted.)

The state complaint alleges that Vargas suffered "physical injuries" to his "jaw, right hand, back, neck, chest, right knee, right leg, and left ear" that have left him with "continuing pain and suffering." Vargas also alleges "emotional injuries/pain" that "include[], without limitation, substantial embarrassment and humiliation, loss of

2

reputation, loss of esteem within the community, severe depression, nightmares, mental anguish, irritability, nervousness, hyperventilation, severe bouts of anxiety, short-temper, moodiness, insomnia, difficulty sleeping (and lost sleep), waking up from sleep in cold sweats, decreased appetite, social withdrawal, tearfulness, and anger." Additionally, Vargas alleges that, while he was in jail after the arrest, he was initially denied medical care "overnight," despite his "pleas for medical attention" and his "serious medical need."

Vargas alleges the traffic stop, the threats, and the physical force inflicted on him were racially motivated. According to the state complaint, he had been obeying all traffic laws, and he was pulled over due to the deputies "not liking Hispanics and recognizing he was Hispanic." The threats, too, were "due to [Vargas] being Hispanic." He was beaten for three reasons: (1) he is Hispanic; (2) the deputies "were angry and wanted to retaliate/punish [him] for his comments" about his right not to be beaten; and (3) the deputies "did not like [his] 'attitude.'"[1]

This is not Vargas's first lawsuit arising out of the incident; he first brought suit in federal court. Vargas's second amended complaint in the federal case (federal complaint) asserted ten causes of action: (1) "Excessive Force (42 U.S.C. § 1983)"; (2) "Excessive

---

[1] Elsewhere in the state complaint, Vargas expands on this point as follows: "The physical beating administered [to Vargas by the deputies] was motivated by hatred and ill will towards [him] **because** [they] didn't like, *inter alia*, [his] Hispanic race, background and culture, appearance, his history of run-ins with law, his demeanor and his dress (and were retaliating against his communication that he was entitled to be free of excessive force)."

3

Force—Failure to Train under 42 U.S.C. § 1983 (*Monell* Claim)"; (3) "Excessive Force—Supervisor Liability in Individual Capacity under 42 U.S.C. § 1983"; (4) "Excessive Force—Municipal Liability under 42 U.S.C. § 1983 (*Monell* Claim)"; (5) "Assault"; (6) "Battery (California Civil Code Section 43)"; (7) "Battery by Police Officer"; (8) "Negligence"; (9) "Intentional Infliction of Emotional Distress"; and (10) "Negligent Hiring, Training, and Retention." (Bolding omitted.) On the defendants' motion, the district court dismissed the federal complaint without leave to amend, finding that Vargas had not alleged sufficient facts to plead a cognizable claim even after multiple opportunities to amend. Vargas did not appeal that ruling. Instead, several weeks after the dismissal of the federal complaint, Vargas filed his initial complaint in this state court action.

In the state complaint, Vargas essentially reasserts nine of the ten causes of action of the federal complaint (all except the claim for "Excessive Force—Supervisor Liability in Individual Capacity under 42 U.S.C. § 1983"), albeit in different order and slightly modified titles: (1) "Assault"; (2) "Battery (California State Law and California Civil Code Section 43)"; (3) "Battery by Peace Officer"; (4) "Intentional Infliction of Emotional Distress"; (5) "Negligence"; (6) "Negligent Hiring, Training, and Retention"; (7) "Excessive Force Under the Fourth Amendment Individual Liability (42 U.S.C. § 1983)"; (8) "Excessive Force—Failure to Train Under 42 U.S.C. § 1983 (*Monell* Claim)"; and (9) "Excessive Force—Municipal Liability Under 42 U.S.C. § 1983 for (1) Custom, Policy or Practice; and (2) Ratification (*Monell* Claim)." He also added four

4

additional causes of action: (10) "Violation of Cal. Gov. Code §[§] 844.6 and 845.6"; (11) "Violation of the Ralph Act (Cal. Civ. Code § 51.7)"; (12) "Violation of the Bane Act (Cal. Civ. Code § 52.1)"; and (13) "Violation of the Unruh Civil Rights Act (Cal. Civ. Code §§ 51, 52(a))."

The County, the Sheriff's Department, and McMahon demurred to the state complaint. The trial court sustained the demurrer without leave to amend, finding the state complaint to be barred by the claim preclusive effect of the earlier federal judgment.

## II. DISCUSSION

### A. *Standard of Review*

On appeal from a judgment based on an order sustaining a demurrer, we assume all the facts alleged in the complaint are true. (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 528.) We accept all properly pleaded material facts but not contentions, deductions, or conclusions of fact or law. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.)

We determine de novo whether the complaint alleges facts sufficient to state a cause of action under any legal theory. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.) "'Where the complaint's allegations or judicially noticeable facts reveal the existence of an affirmative defense, the "plaintiff must 'plead around' the defense, by alleging specific facts that would avoid the apparent defense. Absent such allegations, the complaint is subject to demurrer for

5

failure to state a cause of action . . . .""" (*Doe II v. MySpace, Inc.* (2009) 175 Cal.App.4th 561, 566.)

When a trial court has sustained a demurrer without leave to amend, "we decide whether there is a reasonable possibility that defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  "The burden of proving such reasonable possibility is squarely on the plaintiff." (*Ibid.*)  "[U]nless failure to grant leave to amend was an abuse of discretion, the appellate court must affirm the judgment if it is correct on any theory." (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742.)

B.  *Analysis*

The parties dispute whether "res judicata" bars the claims Vargas asserted in the state complaint, referring to the "primary aspect of the res judicata doctrine" that is known as claim preclusion. (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823-824 (*DKN Holdings*).)  Claim preclusion "acts to bar claims that were, or should have been, advanced in a previous suit involving the same parties." (*Id.* at p. 824.)

Before addressing that dispute, however, we must first decide whether to apply California or federal law of claim preclusion.  (See *Guerrero v. California Department of Corrections & Rehabilitation* (2018) 28 Cal.App.5th 1091, 1099, 1102 (*Guerrero*) ["The basic principles of claim preclusion are roughly the same under California and federal law," and it "often does not matter whether federal or state law applies," but nevertheless there are some "key differences"].)  Vargas does not address the choice of law issue in

6

his appellate briefing, making arguments predicated solely on California law. Respondents, too, do not directly address the choice of law question, primarily making arguments based on California law but suggesting that the result would be the same under the "[f]ederal courts' treatment of res judicata," which they characterize as "not overly dissimilar to California law." As discussed below, however, federal claim preclusion law applies.[2]

"The preclusive effect of a federal-court judgment is determined by federal common law." (*Taylor v. Sturgell* (2008) 553 U.S. 880, 891 (*Taylor*); see *Guerrero*, *supra*, 28 Cal.App.5th 1091, 1100.) Where the federal court exercised only diversity jurisdiction, federal common law incorporates the claim preclusion law of the state in which the federal court sits. (*Semtek Internat., Inc. v. Lockheed Martin Corp.* (2001) 531 U.S. 497, 507-508; see *Guerrero*, *supra*, at p. 1100.) Where the earlier federal judgment was in a federal question case, however, federal common law requires application of "'uniform federal rule[s]' of res judicata," not state law.[3] (*Taylor*, *supra*, 553 U.S. at p. 891; see *Guerrero*, *supra*, 28 Cal.App.5th at pp. 1101-1102.) Vargas's earlier federal

---

[2] We need not and do not decide whether this is a case where the differences between California and federal claim preclusion law would make a difference, and therefore do not discuss the parties' arguments applying California law in any detail.

[3] As noted in *Guerrero*, some California appellate courts have relied on California claim preclusion law to determine whether the prior federal court judgment bars claims subsequently brought in state court. (*Guerrero*, *supra*, 28 Cal.App.5th at p. 1101, & fn. 8; see, e.g., *Franceschi v. Franchise Tax Bd.* (2016) 1 Cal.App.5th 247, 259.) We agree with *Guerrero* that such cases "fail to capture the [United States Supreme Court's] latest guidance." (*Guerrero*, 28 Cal.App.5th at p. 1102.)

7

lawsuit was a federal question case, asserting claims under federal laws and invoking the federal court's supplemental jurisdiction over pendant state law claims; there was no diversity of the parties. We therefore must apply federal law's rules of res judicata to determine whether Vargas's state complaint is barred by the claim preclusive effect of the judgment in his federal lawsuit.

Under federal law, claim preclusion generally applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." (*Western Radio Servs. Co. v. Glickman* (9th Cir. 1997) 123 F.3d 1189, 1192.) There are, naturally, subtleties and exceptions that sometimes complicate the analysis. (See, e.g., *Guerrero*, *supra*, 28 Cal.App.5th at pp. 1103-1108 [discussing "jurisdictional competency exception"]; see also Rest.2d Judgments, § 26 ["Exceptions to the General Rule Concerning Splitting"].) The application of these elements to our case, however, is straightforward.

Regarding identity of claims, "[t]he central criterion" is "'whether the two suits arise out of the same transactional nucleus of facts.'" (*Frank v. United Airlines, Inc.* (9th Cir. 2000) 216 F.3d 845, 851.) "'Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together.'" (*Turtle Island Restoration Network v. U.S. Dep't of State* (9th Cir. 2012) 673 F.3d 914, 918.) "[W]here claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." (*Ibid.*)

There is no reasonable question about whether Vargas's two lawsuits arise out of the same transactional nucleus of facts. As the trial court correctly observed, the state complaint provided "additional details," but the federal complaint and the state complaint both are grounded in the same underlying events, namely, the incident of alleged excessive force on May 28, 2017 and its aftermath. Vargas effectively concedes as much by arguing in his briefing that the facts only included in the state complaint cure his pleadings so as to state viable causes of action, and not arguing that the state complaint involves a separate series of events from the federal complaint.

Further, federal law treats dismissal for failure to plead facts sufficient to state a claim under Federal Rule of Civil Procedure 12(b)(6) as a judgment on the merits. (*Federated Dep't Stores v. Moitie* (1981) 452 U.S. 394, 399, fn. 3, abrogated on other grounds by *Rivet v. Regions Bank of La.* (1998) 522 U.S. 470; *Stewart v. United States Bancorp* (9th Cir. 2002) 297 F.3d 953, 957.) Thus, the judgment in Vargas's federal lawsuit was on the merits for purposes of our analysis here, applying federal claim preclusion law.[4]

---

[4] Analogous California claim preclusion law, as it would apply here, is not as straightforward as federal claim preclusion law: "[I]t is generally held that a demurrer which is sustained for failure of the facts alleged to establish a cause of action, is a judgment on the merits. However, this is true only if the same facts are pleaded in the second action [citation], or if, although different facts are pleaded, the new complaint contains the same defects as the former." (*Boyd v. Freeman* (2017) 18 Cal.App.5th 847, 855; see *Keidatz v. Albany* (1952) 39 Cal.2d 826, 828 [judgment after a sustained demurrer is "on the merits to the extent that it adjudicates that the facts alleged do not constitute a cause of action, and will, accordingly, be a bar to a subsequent action alleging the same facts," but if "new or additional facts are alleged that cure the defects in the original pleading, it is settled that the former judgment is not a bar to the subsequent

*[footnote continued on next page]*

9

Finally, there is no dispute that the parties in this case and Vargas's federal case are the same.

Thus, all three parts of the federal claim preclusion analysis are satisfied. The claims asserted in Vargas's state complaint are therefore barred by the claim preclusive effect of the judgment in his earlier federal lawsuit, and the trial court correctly sustained the demurrer to the state complaint without leave to amend.

## III. DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

MILLER
Acting P. J.

MENETREZ
J.

---

action . . . ."]) Because California law of claim preclusion does not apply here, however, we need not address Vargas's arguments that the state complaint cures the defects of his federal pleading.