Robert Reyes SANTOS, Plaintiff,

v.

**TODD PACIFIC SHIPYARDS CORPORATION, Defendant.**

No. CV 83–6628–CHH.

United States District Court,
C.D. California.

May 1, 1984.

James A. Dumas, Santa Monica, Cal., for plaintiff, Robert Reyes Santos.

Bruce D. May, Parker, Milliken, Clark & O'Hara, Los Angeles, Cal., for defendant, Todd Pacific Shipyards.

## MEMORANDUM OPINION

CYNTHIA HOLCOMB HALL, District Judge.

Plaintiff Robert Santos is a former employee of defendant Todd Pacific Shipyards Corporation ("Todd Shipyards"). In November 1982, plaintiff filed an action in Los Angeles Superior Court against Todd Shipyards alleging that he had been denied promotions because of racial discrimination (plaintiff is Hispanic). Plaintiff's state complaint was based solely upon the California Fair Employment and Housing Act, Cal.Gov.Code § 12900 *et seq.* (West 1980).

In February 1983, Todd Shipyards moved for summary judgment in plaintiff's state court action arguing in part that there was no triable issue of fact regarding plaintiff's failure to file a timely charge of discrimination with the California Department of Fair Employment and Housing ("DFEH"). A claim alleging an unlawful employment practice is time-barred unless it is filed with the DFEH within one year after the occurrence of the unlawful practice. *See id.* § 12960. Plaintiff alleged in his state complaint that he had been denied a promotion in June 1981 and that he was still being denied advancement. Plaintiff did not file a charge with the DFEH until September 1982. Plaintiff argued that his filing with the DFEH was timely because he alleged in his state complaint that Todd Shipyards was continuing to deny him advancement. Although the state court did not explain its reasoning, it apparently rejected plaintiff's "continuing violations" argument and granted summary judgment for Todd Shipyards based upon the untimeliness of the DFEH charge. Judgment was entered in the state action on April 19, 1983. Plaintiff did not appeal.

Plaintiff filed the present action against Todd Shipyards in October 1983 alleging employment discrimination under the Civil Rights Act of 1870, 42 U.S.C. § 1981 (1974).[1] In this action, plaintiff alleges that he was denied promotions and given discriminatory work assignments during 1981, 1982, and 1983. He further alleges that he was dismissed by Todd Shipyards on July 21, 1983, because of his inability to work due to a back disability allegedly caused by the discriminatory work assignments.

Todd Shipyards filed the present motion for summary judgment arguing that this action is barred by res judicata. The motion was heard by this Court on March 12, 1984. Having reviewed the evidence

---

**1.** A three-year limitations period applies to § 1981 actions arising in California. *Ward v.* *Caulk,* 650 F.2d 1144, 1147 (9th Cir.1981).

presented as well as the points and authorities submitted by the parties, this Court issued an Order on April 3, 1984, granting in part and denying in part the motion for summary judgment. The basis for that Order is set forth below.

## APPLICABLE LAW

A federal court must give a state court judgment the same preclusive effect that it would be given under the law of the state in which judgment was rendered. *Migra v. Warren City School Dist. Bd. of Educ.,* — U.S. —, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Derish v. San Mateo-Burlingame Bd. of Realtors,* 724 F.2d 1347, 1349 (9th Cir.1983). Thus, California law regarding res judicata is controlling in this case. Under California law, res judicata bars a second lawsuit if: (1) there was a final judgment on the merits in the earlier proceeding; (2) the claims were litigated and decided, or might have been litigated, in the earlier proceeding; and (3) the parties in the second action were parties or privies to the prior proceeding.[2] *See Dakins v. Bd. of Pension Comm'rs,* 134 Cal. App.3d 374, 381–82, 184 Cal.Rptr. 576, 579 (1982) (quoting *Bernhard v. Bank of America,* 19 Cal.2d 807, 810–11, 122 P.2d 892, 895 (1942)).

**2.** The third requirement is satisfied because the present parties are the same as in the state court action. The only remaining issues are whether there was a final judgment on the merits and whether the present lawsuit involves the same cause of action.

**3.** *Compare Nilsen v. City of Moss Point,* 701 F.2d 556 (5th Cir.1983) (en banc) (federal court's dismissal of Title VII action for failure to timely file complaint is judgment on the merits under federal law preventing later federal court action on same facts) and *Ellingson v. Burlington Northern, Inc.,* 653 F.2d 1327, 1330 n. 3 (9th Cir.1981) (same result but involving antitrust allegations) *with Henson v. Columbus Bank & Trust Co.,* 651 F.2d 320, 323–25 (5th Cir.1981) (per curiam) (Georgia state court's dismissal on statute of limitations grounds is not judgment on the merits which bars federal action on same issue) and *Hernandez Jimenez v. Calero Toledo,* 576 F.2d 402, 403–04 (1st Cir.1978) (same result but involving Puerto Rico court dismissal).

## FINAL JUDGMENT ON THE MERITS

In arguing whether a state court judgment based upon a statute of limitations is a final judgment on the merits, the only relevant cases cited by the parties are from jurisdictions other than California. A review of the cited cases shows that different jurisdictions apply different rules regarding whether a judgment based upon a statute of limitations is "on the merits."[3] These cases provide some guidance, but California law on the issue is controlling.

The parties have not cited, and this Court has not found, any California case which directly addresses whether a statute of limitations judgment is a judgment on the merits. However, this Court believes there are three reasons why such a judgment should be considered a judgment on the merits. First, the California Supreme Court has held that the granting of a demurrer because an action is barred by laches is a judgment on the merits for res judicata purposes. *See Keidatz v. Albany,* 39 Cal.2d 826, 828–29, 249 P.2d 264, 265–66 (1952).[4] The doctrine of laches and statutes of limitation have overlapping effects in equitable actions. *See* 2 B. Witkin, *California Procedure,* Actions, § 235 (2d ed. 1970). It therefore appears appropriate to apply the rationale of *Keidatz* to the statute of limitations judgment in this case.

**4.** Plaintiff cites *Keidatz* and *Newhall v. Hatch,* 134 Cal. 269, 272, 66 P. 266, 267 (1901), for the proposition that a second action is not barred if new facts are alleged that cure the defects in the original pleading even though those facts were known to the plaintiff at the time the original action was filed. This proposition, to the extent it is still applicable today, does not aid plaintiff. Although plaintiff argues that the present complaint includes allegations of a "continuing" pattern of discrimination regarding promotions that were not included in the state court complaint, plaintiff alleged in his state complaint that Todd Shipyards was continuing to deny him advancement. Both parties addressed the issue of "continuing violations" in the motion for summary judgment in the state court action. Thus, plaintiff's present complaint includes no new facts that prevent application of res judicata.

Second, a California appellate court has held that a dismissal for failure to comply with discovery orders is a judgment on the merits for res judicata purposes. *Kahn v. Kahn*, 68 Cal.App.3d 372, 137 Cal.Rptr. 332 (1977). The court in *Kahn* began its analysis by observing that the refusal to comply with discovery "is tantamount to an admission that the disobedient party really has no meritorious claim or defense." *Id.* at 382, 137 Cal.Rptr. at 337. The court then analyzed the various California Code of Civil Procedure sections dealing with the effect to be given judgments. *See* Cal.Civ. Proc.Code §§ 577–583 (1976). The court stated:

> Sections 581, 581a and 581c specify when and under what circumstances a judgment of dismissal shall be with prejudice to the cause. A judgment of dismissal on the ground of failure to comply with orders of the court to make discovery is not among those specifically mentioned. But section 582 provides, *"In all other cases* judgment shall be rendered on the merits." If this section is to have any meaning at all, therefore, a judgment of dismissal for noncompliance with discovery orders must come under the statutory command and have the effect of a judgment against the plaintiff on the merits.

*Kahn*, 68 Cal.App.3d at 382–83, 137 Cal. Rptr. at 337–38. Since a judgment on the statute of limitations is not mentioned in sections 581, 581a or 581c,[5] such a judgment must be on the merits for res judicata purposes.

The court in *Kahn* also analogized California Code of Civil Procedure sections 577–583 to Rule 41(b) of the Federal Rules of Civil Procedure. *Id.* at 384–87, 137 Cal. Rptr. at 338–40. Rule 41(b) provides that

"[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Fed.R.Civ.P. 41(b) (1968). In *Kahn*, the dismissal for failure to comply with discovery was held to be on the merits because the judgment did not specify that it was granted without prejudice. Similarly, the state court judgment in this case did not specify that it was without prejudice and it should therefore be considered on the merits.[6]

A final reason for applying res judicata in this case derives from the fact that the California Fair Employment and Housing Act ("FEHA"), under which plaintiff filed his initial state court action, sets forth timely filing requirements that are analogous to those under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (1974). *See Griffin v. Pacific Maritime Ass'n*, 478 F.2d 1118, 1120 (9th Cir.), *cert. denied*, 414 U.S. 859, 94 S.Ct. 69, 38 L.Ed.2d 109 (1973) (discussing the California Fair Employment Practice Act, the predecessor to the FEHA). In *Nilsen v. City of Moss Point*, 701 F.2d 556, 562 (5th Cir.1983) (en banc), the Fifth Circuit held that the timely filing requirements of Title VII are not jurisdictional prerequisites to suit and are to be treated as limitations periods for all purposes. "A [Title VII] timebar determination ... assumes or decides that the court could have spoken but refuses to do so beyond declaring the claim to be stale." *Id.* Thus, the *Nilsen* court held that a dismissal based upon the timely filing requirements bars the plaintiff's substantive rights under Title VII and is a judgment on the merits for

---

5. "[D]ismissals on grounds such as delay or want of prosecution, improper venue, formal defects in pleadings, lack of jurisdiction, or prematurely filing suit" are among those that do not involve judgments on the merits. *Kahn*, 68 Cal.App.3d at 380 n. 4, 137 Cal.Rptr. at 336 n. 4.

6. *See Chang v. Northwestern Memorial Hosp.*, 549 F.Supp. 90, 94–95 (N.D.Ill.1982) (dismissal by an Illinois court based upon limitations

grounds is a dismissal on the merits unless the order of dismissal specifies otherwise). *Cf.* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4441, at 372–73 (1981) (arguing that Rule 41(b) should not be exclusively relied upon but an independent analysis should be undertaken to determine applicability of res judicata).

res judicata purposes. By analogy, it appears appropriate to hold that a dismissal due to the statute of limitations under California's FEHA bars plaintiff's substantive rights and is a judgment on the merits.[7]

For the reasons discussed above, this Court concludes that the state court judgment obtained by Todd Shipyards in April 1983 is a final judgment on the merits for res judicata purposes. I must next determine the extent to which the present action is barred by the prior state court judgment.

## SAME CAUSE OF ACTION INVOLVED

 Under California law, res judicata bars all claims that were litigated, as well as every claim that might have been litigated, in the first action.[8] *See Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 1175, 197 Cal.Rptr. 612, 614 (1983). As the court in *Eichman* stated:

> [T]he key issue is whether the same cause of action is involved in both suits. California law approaches the issue by focusing on the "primary right" at stake: if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.

*Id.* at 1174, 197 Cal.Rptr. at 614. *See also Slater v. Blackwood*, 15 Cal.3d 791, 795, 126 Cal.Rptr. 225, 226, 543 P.2d 593, 594

(1975) ("the 'cause of action' is based upon the harm suffered, as opposed to the particular theory asserted by the litigant").

 In plaintiff's state court action he alleged discrimination in promotions. In the present action he alleges discriminatory work assignments in addition to discrimination in promotions. Both actions involve the same primary right—the right to be free from discrimination in the workplace. *See id.* (plaintiff's right to be free from injury to her person involved one primary right). Because the same cause of action is involved in both lawsuits, plaintiff's present claims are barred by res judicata to the extent plaintiff relies on acts committed by Todd Shipyards before the state court judgment was entered on April 19, 1983. *See Eichman*, 147 Cal.App.3d at 1177, 197 Cal.Rptr. at 615. Todd Shipyards is therefore entitled to partial summary judgment with respect to plaintiff's discrimination claims (including failure to promote and discriminatory work assignment claims) involving acts committed by Todd Shipyards prior to April 19, 1983. Summary judgment is denied with respect to plaintiff's claims (including failure to promote and discriminatory work assignment claims) alleging acts committed by Todd Shipyards after April 19, 1983. Those claims are not barred by res judicata. This Memorandum Opinion constitutes findings of facts and conclusions of law pursuant to Federal Rule of Civil Procedure 56(d).[9]

IT IS SO ORDERED.

**7.** *Cf. International Union of Operating Engineers v. Fair Employment Practice Comm'n*, 276 Cal. App.2d 504, 509–10, 81 Cal.Rptr. 47, 51 (per curiam) (one year filing requirement of the California Fair Employment Practice Act, the predecessor to the FEHA, constitutes a statutes of limitations). *See* 18 C. Wright, A. Miller & E. Cooper, *supra* note 6, at 369 ("The traditional rule has been that a forum applies its own period of limitations as a matter of procedure unless it views a foreign statute as one that bars the substantive right....").

**8.** The parties have not addressed the applicability of the doctrine of collateral estoppel in this case. Collateral estoppel bars relitigation of issues actually litigated in a prior lawsuit. *See Mattson v. City of Costa Mesa*, 106 Cal.App.3d 441, 445, 164 Cal.Rptr. 913, 915–16 (1980). The

only issue actually litigated by the state court involved the discriminatory promotions. Therefore, collateral estoppel would only bar that issue.

**9.** Todd Shipyards argues that the present action is frivolous, unreasonable, and without foundation, and seeks attorney's fees as a "prevailing party" pursuant to 42 U.S.C. § 1988 (Supp.1980). *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Even assuming that Todd Shipyards is a "prevailing party" based upon the granting of partial summary judgment, Todd Shipyards is not entitled to an award of attorney's fees. The determination of whether a statute of limitations judgment is a judgment on the merits is not readily apparent from California case law,

and therefore, plaintiff's present lawsuit is not frivolous, unreasonable, or without foundation.