[No. A046979. First Dist., Div. Three. Sept. 25, 1990.]

FLOYD KOCH et al., Plaintiffs and Appellants, v.
RODLIN ENTERPRISES, INC., et al., Defendants and Respondents.

COUNSEL

Wilson, Ryan & Campilongo, Andrew H. Wilson, Stuart A. Knowles and Eduardo M. Xavier for Plaintiffs and Appellants.

Montie S. Day, Jon R. Vaught and Cynthia Beier Prada for Defendants and Respondents.

OPINION

**WHITE, P. J.**—In this action the trial court dismissed plaintiffs' complaint on the grounds that a prior summary judgment based on the statute of limitations entered in favor of defendants conclusively barred the present case by the doctrine of res judicata. We hold that the prior summary judgment was not a judgment on the merits and reverse.

## PROCEDURAL HISTORY[1]

On May 20, 1988, plaintiffs filed a complaint in the United States District Court, Northern District of California. The allegations of the complaint were based on a nucleus of facts involving the fraudulent acquisition, subdivision and resale of property in Arizona to plaintiffs. The federal action alleged that the sales of partnership interests to plaintiffs violated section 10(b) of the Securities and Exchange Act of 1934 and rule 10b-5 thereunder. Plaintiffs also asked the court to exercise pendent jurisdiction over various state law claims.

On August 22, 1988, the federal court dismissed plaintiffs' pendent claims without prejudice to their being refiled in state court. The court retained jurisdiction over the claim predicated on federal securities law.

On October 7, 1988, plaintiffs filed a complaint in state court against some of the defendants who were named in the federal action. (Hereafter *Koch I.*)[2] The complaint alleged that the defendants had created and sold subdivision land in violation of California's Subdivision Map Act (Gov. Code, §§ 66410-66499.37) and prayed for rescission and damages.

---

[1] Since the record on appeal omits certain documents critical to the procedural history of this action, this court has taken judicial notice of certified judicial records in related cases. (Evid. Code, § 452, subd. (d).)

[2] A separate state action was filed against the remaining defendants in the federal action. (Koch et al. v. Hankins et al. (Super. Ct. Alameda County, 1989, No. H-137685-6).)

On October 25, 1988, Howard Schwat, a named plaintiff in the federal action, together with Barry Laven and Traci Farms, who were not named plaintiffs in the federal action, also filed a complaint against the same defendants named in *Koch I*. (This action is designated as *Schwat* hereafter.)

Motions for summary judgment were brought by defendants in *Koch I* and *Schwat* on the grounds that both actions were barred by the only applicable statutes of limitations, Code of Civil Procedure sections 312 and 337, subdivision 3.[3]

On February 28, 1989, the day on which the motions were heard, plaintiffs requested leave to amend the complaint to plead a cause of action for rescission based on common law fraud. Plaintiffs argued that the federal action had alleged counts of fraud against certain individuals not named as defendants in the present action. At the time they drafted the complaint in *Koch I*, they had no facts upon which to claim that the defendants had a duty to disclose certain material facts to plaintiffs. However, during discovery plaintiffs learned that the corporate defendants in this action were controlled by certain defendants who were named in the federal case. Plaintiffs conceded that California's Subdivision Map Act did not apply to the instant action, since the property was located in Arizona. However, they argued that because they had just discovered the fraud, there would be no statute of limitations problem with the new cause of action.

The trial court granted defendants' motion for summary judgment and stated: "[S]ummary judgment in each case is granted without consideration—without considering opposing party's request—responding party's request for leave to amend or treat this as a judgment on the pleadings. [¶] Now you can go file another action if you'd like and have one separate, clean action that alleges commonlaw [*sic*] fraud." When plaintiffs sought clarification that the summary judgment would only go to the causes of action pleaded in the complaint, the court said: "It can't go beyond the pleadings. It only adjudicates the issues that are properly before the court and whether that adjudication is collateral estoppel or res adjudicata [*sic*] on some other action, I don't know until another action is filed." Summary judgment was entered that day and no appeal was taken.

---

[3] Code of Civil Procedure section 312 provides: "Civil actions, without exception, can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, unless where, in special cases, a different limitation is prescribed by statute."

Code of Civil Procedure section 337 provides in part: "Within four years: . . . [¶] 3. An action based upon the rescission of a contract in writing. The time begins to run from the date upon which the facts that entitle the aggrieved party to rescind occurred. Where the ground for rescission is fraud or mistake, the time does not begin to run until the discovery by the aggrieved party of the facts constituting the fraud or mistake . . . ."

All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

On March 20, 1989, plaintiffs filed suit to rescind the contracts based on fraud. (*Koch II*) Defendants demurred on the grounds that the cause of action was conclusively barred by the doctrine of res judicata, *Koch I* serving as a complete bar to further litigation. Plaintiffs opposed the demurrer on the grounds that the trial judge in *Koch I* had expressly reserved the issues involving the claims based on fraud for further adjudication. The trial court sustained the demurrer and this appeal followed.

## DISCUSSION

■ When reviewing an order sustaining a demurrer without leave to amend, this court must treat the demurrer as admitting all properly pleaded facts, but not contentions, deductions or conclusions of fact or law. We must read the complaint as a whole and give it a reasonable interpretation. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) ■ If the complaint, liberally construed, can state a cause of action, or if it is reasonably possible that the plaintiffs can cure the complaint by amendment, the trial court should not sustain a demurrer without leave to amend. (*Heckendorn* v. *City of San Marino* (1986) 42 Cal.3d 481, 486 [229 Cal.Rptr. 324, 723 P.2d 64].)

■ We preliminarily note that defendants have objected to plaintiffs raising new arguments for the first time on appeal. (*CNA Casualty of California* v. *Seaboard Surety Co.* (1986) 176 Cal.App.3d 598, 618 [222 Cal.Rptr. 276].) However, plaintiffs are permitted to raise arguments for the first time on appeal where the facts are not disputed and the issue merely raises a new question of law. (*Tyre* v. *Aetna Life Ins. Co.* (1960) 54 Cal.2d 399, 405 [6 Cal.Rptr. 13, 353 P.2d 725]; *Wilson* v. *Lewis* (1980) 106 Cal.App.3d 802, 805 [165 Cal.Rptr. 396].) In the present case, the demurrer raised an issue of law (Code Civ. Proc., § 589), and plaintiffs opposed the demurrer on the single theory that the judge in *Koch I* had reserved the right of plaintiffs to file a second action. This should not preclude an appellate court from determining whether the demurrer was properly sustained.

■ Plaintiffs contend, albeit for the first time on appeal, that a summary judgment granted on the grounds that the action is barred by the statute of limitations does not act as res judicata to preclude a subsequent action. We agree.

■ It is settled that the doctrine of res judicata precludes parties or their privities from relitigating a cause of action that had been finally determined by a court of competent jurisdiction. (*City of Sacramento* v. *State of California* (1990) 50 Cal.3d 51, 64 [266 Cal.Rptr. 139, 785 P.2d 522]; *Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865, 874 [151 Cal.Rptr. 285, 587

P.2d 1098]; *Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 810 [122 P.2d 892].) ██ However, a judgment not rendered on the merits does not operate as a bar. (*Goddard* v. *Security Title Ins. & Guar. Co.* (1939) 14 Cal.2d 47, 52 [92 P.2d 804]; *Passanisi* v. *Merit-McBride Realtors, Inc.* (1987) 190 Cal.App.3d 1496, 1511 [236 Cal.Rptr. 59].)

Termination of an action by a statute of limitations is deemed a technical or procedural, rather than a substantive, termination. (*Lackner* v. *LaCroix* (1979) 25 Cal.3d 747, 751 [159 Cal.Rptr. 693, 602 P.2d 393].) "Thus the purpose served by dismissal on limitations grounds is in no way dependent on nor reflective of the merits—or lack thereof—in the underlying action." (*Id.*, at pp. 751-752.) In fact, statutes of limitation are intended to set controversies at rest by foreclosing consideration on the merits of the claim. (*Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 484 [121 Cal.Rptr. 477, 535 P.2d 341]; *Aetna Cas. & Surety Co.* v. *Superior Court* (1965) 233 Cal.App.2d 333, 340 [43 Cal.Rptr. 476]; see also *State Farm Mut. Auto. Ins. Co.* v. *Patton* (1987) 194 Cal.App.3d 626, 630 [239 Cal.Rptr. 750].)

Defendants cite *Santos* v. *Todd Pacific Shipyards Corp.* (C.D.Cal. 1984) 585 F.Supp. 482 for the proposition that a judgment based on a statute of limitations defense bars subsequent litigation of the same cause of action. That case was wrongly decided. The *Santos* court was forced to analyze California law because, as the court noted, "The parties have not cited, and this Court has not found, any California case which directly addresses whether a statute of limitations judgment is a judgment on the merits." (*Id.*, at p. 484.) The court then relied on *Keidatz* v. *Albany* (1952) 39 Cal.2d 826 [249 P.2d 264] and *Kahn* v. *Kahn* (1977) 68 Cal.App.3d 372 [137 Cal.Rptr. 332] in reaching its decision. Neither case is apposite.

In *Keidatz*, the plaintiffs brought their original action to rescind a contract for fraud and failure of consideration. The defendants' demurrer to the second amended complaint was sustained with leave to amend, but the plaintiffs never amended the complaint and judgment was entered for the defendants. Thereafter, the plaintiffs unsuccessfully sought relief from the judgment under section 473. No appeal was taken from the judgment or the order denying relief under section 473. The plaintiffs then filed a damage action for fraud. The trial court granted the defendants' motion for summary judgment, on the apparent grounds that the former judgment was res judicata of all issues raised in the second action.

Our Supreme Court reversed. Although it acknowledged that the demurrer in the first action was successful, since the action was barred by laches and the failure to rescind promptly (*Keidatz* v. *Albany, supra,* 39 Cal.2d at

p. 829), the high court never held that the former judgment precluded a subsequent action.

In *Kahn*, the court held that a dismissal for failure to comply with discovery orders is a judgment on the merits for res judicata purposes. The court explained how the dismissal was actually on the merits by noting: "[A] persistent refusal to comply with an order for the production of evidence is tantamount to an admission that the disobedient party really has no meritorious claim or defense to the action." (*Kahn* v. *Kahn, supra*, 68 Cal.App.3d at p. 382.)

Citing *Stuart* v. *Lilves* (1989) 210 Cal.App.3d 1215, 1219 [258 Cal.Rptr. 780], defendants also assert a summary judgment is as final and conclusive a determination of the merits as a judgment after trial. This broad assertion is not universally true.

In *Goddard* v. *Security Title Ins. & Guar. Co., supra*, the Supreme Court analyzed whether a judgment entered after a general demurrer was sustained constituted a judgment on the merits: "A judgment given after the sustaining of a general demurrer on a ground of substance, for example, that an absolute defense is disclosed by the allegations of the complaint, may be deemed a judgment on the merits, and conclusive in a subsequent suit; and the same is true where the demurrer sets up the failure of the facts alleged to establish a cause of action, and the same facts are pleaded in the second action. [Citations.] But even a judgment on general demurrer may not be on the merits, for the defects set up may be technical or formal, and the plaintiff may in such case by a different pleading eliminate them or correct the omissions and allege facts constituting a good cause of action, in proper form. Where such a new and sufficient complaint is filed, the prior judgment on demurrer will not be a bar." (*Goddard, supra*, 14 Cal.2d at p. 52.) We think the same analysis applies to summary judgments.

In *Stuart* v. *Lilves, supra*, the prior judgment was not based on a procedural defect but on the substantive provisions of section 580b, which prohibit any judgment for the failure of a purchaser of a residential dwelling to repay the purchase money loan. "That statute affects the substantive right of the seller to recoup the unpaid balance of the purchase price." (*Stuart, supra*, 210 Cal.App.3d at p. 1219.) In contrast, the *Koch I* court held that plaintiffs' action was barred by the statute of limitations for contract rescission actions, a procedural but not absolute defense. *Koch II* is based on common law fraud which allegedly was discovered within the applicable limitations period. Thus, the former judgment does not bar the present case. Having so concluded, we need not address the remaining arguments raised by plaintiffs.

The judgment is reversed. Plaintiffs are awarded their costs.

Merrill, J., and Strankman, J., concurred.

Respondents' petition for review by the Supreme Court was denied December 19, 1990.