8 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael V. BASSO, Plaintiff-Appellant,
v.
CITY OF WEST COVINA; Herman R. Fast; Ronald E. Holmes;
West Covina Police Department, Defendants-Appellees.
 No. 92-55216.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 6, 1993.
Decided Oct. 21, 1993.
 
 Before: BROWNING, FARRIS, and KELLY,* Circuit Judges.
 MEMORANDUM**
 The parties are familiar with the facts and issues presented in this appeal and we will not restate them here.
 * The Federal Full Faith and Credit Statute "obliges federal courts to give the same preclusive effect to a state-court judgment as would the courts of the State rendering the judgment." McDonald v. City of West Branch, 466 U.S. 284, 287 (1984) (construing 28 U.S.C. § 1738). Under California law, "[t]ermination of an action by a statute of limitations is deemed a technical or procedural, rather than a substantive, termination," and therefore does not constitute a judgment on the merits of the claim. Koch v. Rodlin Enter., Inc., 273 Cal.Rptr. 438, 441 (Ct.App.1990). Since the judgment is not on the merits, it does not trigger res judicata. Id. It follows that Basso's federal § 1983 complaint is not barred by res judicata even as to those matters that may also have been presented in the state court proceeding.
 Neither is Basso bound by the findings of the administrative proceeding before the West Covina Personnel Commission. Basso's § 1983 complaint addresses the adequacy of city procedures under the Due Process Clause, while the Personnel Commission considered allegations of Basso's misconduct. Since the federal complaint addresses issues different from those litigated in the state administrative proceeding, the state administrative determination has no collateral estoppel effect. See Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1474-75 (9th Cir.1993).
 II
 Basso alleges that the procedure specified in the Municipal Code deprived him of due process, since it either requires or allows the decision-maker to be interested and biased, to come to a decision without hearing the evidence presented to others, and to send a termination notice that triggers a statute of limitations period other than by personal service. His complaint is therefore directed not at random and unauthorized acts of a state actor, but at acts specifically authorized by established state procedure. Parratt v. Taylor, 451 U.S. 527 (1981), does not bar this kind of § 1983 suit. Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982); Brower v. Inyo County, 817 F.2d 540, 544 (9th Cir.1987), rev'd on other grounds, 489 U.S. 593 (1989). Zinermon v. Burch, 110 S.Ct. 975 (1990), did not alter this rule.
 III
 We express no opinion regarding other issues in the case not raised before the district court or before us.
 Reversed and remanded.
 
 
 
 *
 Honorable Paul J. Kelly, Jr., Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3