Filed 7/31/14  Myles v. Farmers Group CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TOMMIE L. MYLES,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>FARMERS GROUP, INC., et al.,<br><br>      Defendants and Respondents. | A139522<br><br>(Contra Costa County<br>Super. Ct. No. MSC 12-02784) |

Plaintiff Tommie L. Myles has filed two lawsuits against the insurer of a driver who caused damage to his vehicle.  This appeal arises out of the second lawsuit.  On appeal, Myles claims that res judicata principles do not preclude his second lawsuit and that his direct action against the negligent party's insurance company is not barred by *Moradi-Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287 (*Moradi-Shalal*).  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

*The Accident*

The underlying action arises out of an automobile accident that damaged a vehicle owned by Myles.  Sandra Sanabria allegedly crashed her vehicle into Myles's car while it was parked at his home.  Sanabria was insured by defendant Coast National Insurance Company (Coast National), which is affiliated with defendant Farmers Group, Inc. (Farmers).  Coast National assigned 100 percent of the fault for the accident to its insured, Sanabria.

1

Myles alleges that Coast National and Farmers mishandled the claim for damage to his vehicle by declaring the car to be a "[t]otal [l]oss,[s]alvage" on the basis of an appraisal that that did not account for improvements to the car or use the correct vehicle for purposes of a comparative market evaluation. According to Myles, Coast National and Farmers refused to pay the estimated cost of repairing his vehicle and instead made an inadequate settlement offer based upon the purportedly inaccurate designation of his vehicle as a total loss. Myles alleges that the cost to repair his vehicle was nearly $4,700 and that Coast National and Farmers only offered a little over $2,000 in settlement of the claim.

Myles filed two lawsuits arising out of the accident. The second lawsuit is the subject of this appeal.

### First Lawsuit

Myles filed the first action in April 2011. As set forth in the second amended complaint in that action, Myles sued Farmers and Coast National for violations of Fair Claims Settlement Practices Regulations, which are found in title 10 of the California Code of Regulations. Myles alleged that Farmers and Coast National failed to settle his claim in a timely and fair manner, devalued his vehicle by comparing it to a different model, falsely labeled his vehicle a total loss, and committed other violations of the Fair Claims Settlement Practices Regulations. He also asserted causes of action for fraud based upon allegations that Farmers and Coast National deliberately misrepresented the value of his vehicle and falsely labeled it a total loss. Myles sought damages of over $3.5 million.

In the first action, Coast National filed a demurrer to the second amended complaint on the ground that the Supreme Court's decision in *Moradi-Shalal, supra,* 46 Cal.3d 287, precludes a private right of action by a third-party claimant against an insurer for unfair claims handling practices. The trial court sustained the demurrer without leave to amend and entered a judgment in favor of Coast National in August 2012.

2

Farmers moved to quash service of the summons in the first action. In a June 2012 order, the trial court granted the motion on the ground that service of the summons on Farmers and two other individual defendants was defective. Although the court determined that Farmers had not properly been served in the first action, Farmers remained a party in that case.

### Second Lawsuit

According to Myles, in order "to avoid the time and expense of appealing" the judgment in the first action, he filed a second lawsuit against Coast National and Farmers in November 2012.[1] At the time Myles filed his second lawsuit, the first lawsuit was still pending against Farmers. The factual basis for the second lawsuit was the same as the first. In the second lawsuit, Myles asserted four causes of action denominated "intentional tort" as well as a fifth cause of action for fraud. Although the complaint in the second action refers generally to bad faith, breach of the covenant of good faith and fair dealing, and a violation of the unfair competition law (Business and Professions Code section 17200 et seq. (UCL)), the first four causes of action for intentional tort do not distinguish which legal theory supports each cause of action. Instead, each cause of action sets forth a different claims practice that Myles contends constitutes a "bad faith and UCL tort[]." The first four causes of action turn on allegations that Coast National and Farmers falsely designated Myles's vehicle as salvage, applied an improper comparative evaluation of the vehicle's value in violation of the Fair Claims Settlement Practices Regulations, devalued the vehicle by refusing to give Myles credit for upgrades he had made to the vehicle, and conditioned acceptance of the settlement offer on a false salvage designation. In the fifth cause of action for fraud, Myles alleged that Farmers and Coast National "fraudulently declared . . . they were in compliance with Fair Claims Settlement Regulations . . . ." Myles sought damages of over $9.1 million in the second lawsuit.

---

[1]Also named as defendants in the second lawsuit were two Farmers executives and another insurance company that appears to have some affiliation with Coast National. They are not parties to this appeal.

Coast National and Farmers filed separate demurrers to the complaint in the second lawsuit. In its demurrer, Coast National argued that the judgment it secured in the first lawsuit was a res judicata bar to the claims in the second lawsuit. Coast National also contended that the claims in the second lawsuit were subject to dismissal under *Moradi-Shalal, supra,* 46 Cal.3d 287, and that Myles lacked standing to sue Coast National in any event because there was no privity of contract between Myles and Coast National.

Farmers premised its demurrer in part on the fact that there was another action pending between the parties on the same causes of action. (See Code Civ. Proc., § 430.10, subd. (c).) As Farmers explained, although Myles had not accomplished service on Farmers in the first lawsuit, Farmers had not been dismissed from that pending action. Farmers also contended that the claims in the second lawsuit were barred under *Moradi-Shalal, supra,* 46 Cal.3d 287, and that Myles lacked standing to sue Farmers in the absence of a contractual relationship.

The trial court sustained Coast National's demurrer without leave to amend on the ground that Myles's claims in the second lawsuit were barred by the doctrine of res judicata. The trial court also sustained without leave to amend the demurrer filed by Farmers, reasoning that the same claims were still pending between Farmers and Myles in the first lawsuit. The trial court entered judgments in favor of Coast National and Farmers in July 2013. Myles filed motions for reconsideration and for a new trial. The trial court denied both motions. This appeal followed.

## DISCUSSION

### 1. *Standard of Review*

On appeal from a judgment after a demurrer is sustained without leave to amend, we first review the complaint de novo to determine whether it contains facts sufficient to state a cause of action under any legal theory. (*Walgreen Co. v. City and County of San Francisco* (2010) 185 Cal.App.4th 424, 433.) " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' " (*Blank v.*

4

*Kirwan* (1985) 39 Cal.3d 311, 318; accord, *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) "We affirm if any ground offered in support of the demurrer was well taken but find error if the plaintiff has stated a cause of action under any possible legal theory. [Citations.] We are not bound by the trial court's stated reasons, if any, supporting its ruling; we review the ruling, not its rationale." (*Mendoza v. Town of Ross* (2005) 128 Cal.App.4th 625, 631.)

It is an abuse of discretion to sustain a demurrer if there is a reasonable probability the defect can be cured by amendment. (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.) The burden, however, is on the plaintiff to demonstrate how the complaint can be amended to state a valid cause of action. (*Ibid.*)

**2. *Res Judicata***

Myles contends that the judgment in favor of Coast National in the first lawsuit should not act as a res judicata bar to the claims asserted in the second lawsuit against Coast National. We disagree.

The doctrine of res judicata gives preclusive effect to a prior, final judgment involving the same controversy. (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797.) The doctrine has two distinct aspects: claim preclusion and issue preclusion. (*Ibid.*) Claim preclusion, often referred to as res judicata, provides that "a valid, final judgment on the merits precludes parties or their privies from relitigating the same 'cause of action' in a subsequent suit." (*Le Parc Community Assn. v. Workers' Comp. Appeals Bd.* (2003) 110 Cal.App.4th 1161, 1169.) Issue preclusion, or collateral estoppel, " 'precludes relitigation of issues argued and decided in prior proceedings.' " (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896.) Under the doctrine of res judicata, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." (*Id.* at p. 897.)

Three requirements must be met to apply the doctrine of res judicata for purposes of either issue or claim preclusion: (1) the second lawsuit must involve the same "cause of action" as the first lawsuit; (2) there must have been a final judgment on the merits of the first lawsuit; and (3) the parties in the second lawsuit must be the same or in privity

5

with the parties to the first lawsuit. (See *Boeken v. Philip Morris USA, Inc., supra,* 48 Cal.4th at p. 797; *City of Oakland v. Oakland Police & Fire Retirement System* (2014) 224 Cal.App.4th 210, 228.)

A claim raised in a second suit is "based on the same cause of action" as one asserted in a prior action if they are both premised on the same "primary right." (*Mycogen Corp. v. Monsanto Co., supra,* 28 Cal.4th at p. 904.) Under the primary right theory, "a 'cause of action' is comprised of a primary right possessed by the plaintiff, a corresponding duty imposed upon the defendant, and a wrong done by the defendant which is a breach of such primary right and duty. [Citation.] The primary right is the plaintiff's right to be free of the particular injury, regardless of the legal theory on which liability is premised or the remedy which is sought. [Citations.] Thus, it is the *harm suffered* that is the significant factor in defining the primary right at issue." (*City of Oakland v. Oakland Police & Fire Retirement System, supra,* 224 Cal.App.4th at p. 228.)

In this case, we are concerned with the claim preclusion aspect of res judicata. An application of the principles outlined above demonstrates that res judicata applies to preclude the claims asserted in the second lawsuit. First, the claims in the second lawsuit are premised on the same primary right as those in the first lawsuit. The harm that Myles allegedly suffered was the same in both lawsuits. He claims he did not receive adequate compensation for his loss and that Coast National failed to comply with Fair Claims Settlement Practices Regulations. Relabeling the claims and asserting new legal theories does not change the fundamental fact that the second lawsuit involves the same primary right as the first lawsuit filed by Myles.

Myles contends the second prong of the res judicata analysis is not satisfied because there has been no decision on the merits of his claims. He argues that the first lawsuit was not decided on the merits because there was no determination as to whether his allegations against Coast National were true or false. Myles's focus on the truth or falsity of the allegations is misplaced. A general demurrer sustained without leave to amend *may* constitute a final determination on the merits, even though the ruling does not adjudicate the truth of allegations in the complaint. (*Goddard v. Security Title Ins. &*

6

*Guar. Co.* (1939) 14 Cal.2d 47, 52.) Whereas a general demurrer premised on technical defects does not constitute a judgment on the merits, a general demurrer premised upon the substantive ground that there is an absolute defense to a cause of action qualifies as a judgment on the merits. (*Ibid.*; see *Ojavan Investors, Inc. v. California Coastal Com.* (1997) 54 Cal.App.4th 373, 383–384.)

Here, the general demurrer in the first lawsuit was based upon the absolute defense that Myles's claims were barred under *Moradi-Shalal.* The ruling was not premised upon a technical, procedural ground, such as the statute of limitations or lack of subject matter jurisdiction. (Cf. *Finnie v. District No. 1 - Pacific Coast Dist. etc. Assn.* (1992) 9 Cal.App.4th 1311, 1319–1320 [lack of subject matter jurisdiction]; *Koch v. Rodlin Enterprises* (1990) 223 Cal.App.3d 1591, 1595–1596 [statute of limitations].) Consequently, the ruling constituted a final determination on the merits for purposes of applying res judicata.

Finally, it is undisputed that the parties in the second lawsuit as to which res judicata applied—Myles and Coast National—are the same as those in the first lawsuit. Because all three requirements needed to apply res judicata are present, the trial court correctly sustained Coast National's demurrer without leave to amend in the second action based upon the doctrine of res judicata.

**3.** *Plea in Abatement*

The trial court sustained the demurrer without leave to amend as to Farmers in the second lawsuit on the ground that there was another action pending between the same parties on the same causes of action. The trial court relied upon Code of Civil Procedure section 430.10, subdivision (c), which is a codification of the common law plea in abatement. (See *People ex rel. Garamendi v. American Autoplan, Inc.* (1993) 20 Cal.App.4th 760, 770.) The trial court subsequently entered a judgment of dismissal in favor of Farmers.

Nowhere in his briefing on appeal does Myles challenge the dismissal premised on the plea in abatement. He does not claim the court erred in granting the plea in abatement, and he does not argue it was error to enter judgment on that basis. Instead, his

7

argument on appeal is focused on res judicata and on the application of *Moradi-Shalal* . However, the trial court's order sustaining the demurrer as to Farmers was not based upon those grounds.

As a general matter, an appellant is deemed to have abandoned or forfeited contentions of error regarding the dismissal of an action by failing to address the contentions in the briefing on appeal. (*Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1177.) This principle is consistent with the fundamental notion that a judgment is presumed to be correct on appeal, with the burden on the appellant to "affirmatively demonstrate prejudicial error." (*People v. Garza* (2005) 35 Cal.4th 866, 881.) It is not this court's role to consider undeveloped claims or make arguments for the parties. (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.)

In this case, Myles does not argue that the court erred in sustaining the demurrer on the basis of a plea in abatement. He also does not challenge the propriety of dismissing the action against Farmers on the basis of the order sustaining the demurrer. His failure to address these issues amounts to an abandonment of the claim that the court erred in entering judgment in favor of Farmers. (See *Wall Street Network, Ltd. v. New York Times Co., supra,* 164 Cal.App.4th at p. 1177.) We therefore reject his appellate challenge to the judgment secured by Farmers.

8

## DISPOSITION

The judgments of dismissal are affirmed.  Respondents shall be entitled to recover costs on appeal.

_____
McGuiness, P.J.

We concur:

_____
Pollak, J.

_____
Jenkins, J.